ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ÁNGEL P. JIMÉNEZ; CARMEN GONZÁLEZ QUIÑONES**<br><br>Recurrido<br><br>v.<br><br>**LETICIA QUIÑONES CINTRÓN; ÁNGEL MANUEL JIMÉNEZ GONZÁLEZ**<br><br>Peticionario | KLCE202401156 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**BY2024RF01178**<br><br>Sobre: Custodia – Relaciones Abuelo(a) y Tío(a) Filiales |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de enero de 2025.

Comparece ante nos la señora Leticia Quiñones Cintrón (señora Quiñones Cintrón o parte peticionaria) y solicita la revisión de la *Resolución* emitida el 10 de septiembre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante la misma, el TPI declaró *No Ha Lugar* la moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *infra*, presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

## I.

Según surge del expediente, la señora Quiñones Cintrón y el señor Ángel Manuel Jiménez González (señor Jiménez González) son los progenitores de los menores NSJQ y NMJQ, nacidos en 2011 y 2013, respectivamente. Tras su divorcio en el 2021, se pactó la custodia compartida de los menores.

El 14 de marzo de 2024, el TPI expidió una *Orden de Protección Ex Parte* bajo la *Ley para la Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores*, Ley Núm. 57-2023, 8 LPRA sec. 1641 *et seq.*, contra el señor Jiménez González. En dicho proceso se adjudicó la custodia provisional de los menores a la señora Quiñones Cintrón y se prohibieron las relaciones paternofiliales. Posteriormente, las partes lograron unos acuerdos provisionales para establecer un plan de relaciones paternofiliales. En cuanto a la relación de los abuelos con sus nietos, estos siempre ocurrían durante el periodo en que le correspondía al señor Jiménez González ejercer el cuidado de sus hijos.

En lo concerniente a la controversia que hoy atendemos, el 9 de julio de 2024, la señora Carmen González Quiñones y el señor Ángel P. Jiménez, abuelos paternos de ambos menores, presentaron una petición sobre relaciones abuelo filiales contra la señora Quiñones Cintrón y el señor Jiménez González. En su comparecencia, alegaron que compartían con sus nietos frecuentemente, recogiéndolos en ocasiones a la escuela y llevándolos a actividades que fomentaban una relación muy especial. Adujeron que formaban parte integral de la vida de los menores hasta que inició un proceso de orden de protección que los apartó de sus nietos. Precisaron que tenían un interés genuino y apremiante en continuar formando parte de la vida de NSJQ y NMJQ, al entender que los lazos afectivos que los unen representan su mejor bienestar. Ante ello, solicitaron al TPI que, luego de una vista, estableciera relaciones abuelo filiales provisionales, mientras se llevaban a cabo los procedimientos de rigor. Destacaron que, de no implementar un plan de relaciones abuelo filiales los fines de semanas alternos, se refiriera el caso a la Unidad Social de Relaciones de Familia para que se rindiera un informe social con

recomendaciones viables en atención al mejor bienestar e interés de los menores.

El 26 de agosto de 2024, el señor Jiménez González instó su *Contestación a Petición,* en la cual aceptó la mayoría de las alegaciones. Ese mismo día, la señora Quiñones Cintrón incoó una *Moción Solicitando Desestimación,* bajo el fundamento de que la petición presentada por los abuelos paternos dejaba de exponer una reclamación que justificara la concesión de un remedio a su favor. Añadió que, al palio del Artículo 619 del Código Civil de 2020, corresponde a la madre y al padre con patria potestad decidir con qué personas, dentro y fuera del núcleo familiar, se relacionan sus hijos menores y que solo el Tribunal podría interferir en el ejercicio de dicho derecho si se demuestra la existencia de intereses apremiantes mediante una prueba robusta, clara y convincente. Acentuó que se oponía a que el Tribunal entorpeciera el mencionado derecho. En esa dirección, adujo que las relaciones entre los abuelos concernidos y sus nietos siempre fue a través del padre de los menores, y así se llevaban a cabo en la actualidad.[1] Así, requirió la desestimación con perjuicio de la demanda.

Los abuelos paternos se opusieron oportunamente al antedicho petitorio. En primer orden, expusieron que los asuntos de derecho con relación a un menor de edad no eran finales, por lo que las determinaciones del Tribunal no podían ser con perjuicio. Además, expresaron que el foro primario no ha estado en posición de evaluar prueba bajo las disposiciones del Art. 619 del Código Civil de 2020, por lo que sería prematuro tomar una determinación tan abrupta como resultaría ser la desestimación de un pleito. Particularizaron que el señor Jiménez González no se oponía a que

---

[1] También solicitó la imposición de costas, gastos y honorarios de abogados, en una suma no menor de $5,000.00 por temeridad. Apéndice del recurso, págs. 4-9.

los abuelos, es decir, sus padres, se relacionen con ambos menores y que éstos desean tener calidad de tiempo con ellos. En ese sentido, detallaron que, en un momento dado, se expidió una orden de protección que le impidió a los abuelos relacionarse con los menores, pero que luego las partes alcanzaron un acuerdo para que se establecieran las relaciones paternofiliales. Arguyeron que los temían que, en ausencia de unas relaciones abuelo filiales establecidas por el Tribunal, se les prive de tener calidad de tiempo con sus nietos.[2]

El 10 de septiembre de 2024, el Tribunal de Primera Instancia emitió la *Resolución* que hoy revisamos. Según adelantado, el TPI declaró *No Ha Lugar* la moción de desestimación incoada por la señora Quiñones Cintrón. El Tribunal concluyó que, de una lectura más liberal y haciendo inferencias a favor de los abuelos paternos, éstos, de probar sus alegaciones, podrían tener derecho a algún remedio. Así, ordenó a la señora Quiñones Cintrón contestar, en un término de 10 días, la *Petición* de epígrafe.[3]

En desacuerdo, la señora Quiñones Cintrón solicitó reconsideración, a la cual se opusieron los abuelos paternos.[4] Mediante *Resolución* dictada el 7 de octubre de 2024, el TPI denegó la solicitud de reconsideración. Aun inconforme, la señora Quiñones Cintrón acude ante nos y alega que el foro *a quo* cometió los siguientes errores:

> Erró y abusó de su discreción el TPI al determinar que aplica el Artículo del Código Civil del 2020 al presente caso, ante la realidad de que los menores con el consentimiento de ambos progenitores se han estado relacionando con la parte recurrida.

---

[2] Los abuelos paternos se opusieron también a la solicitud de imposición de costas, gastos y honorarios de abogados por temeridad y en cambio, solicitaron al TPI que le impusiera a la señora Quiñones Cintrón la suma de $7,000.00 por temeridad, más costas y gastos. Ello, por entender que ésta tenía la intención de interferir, incomodar o inducir a error al Tribunal, obstaculizando y violando los derechos de los menores a compartir con sus abuelos paternos. Apéndice del recurso, págs. 30-33.
[3] Apéndice del recurso, págs. 2-3.
[4] Apéndice del recurso, págs. 38-40.

Erró y abusó de su discreción el TPI al no desestimar la causa de acción bajo la Regla 10.2(5) de Procedimiento Civil, sin antes hacer una determinación como cuestión de umbral sobre si los abuelos paternos se están o no relacionando con los menores.

Erró y abusó de su discreción el TPI al no desestimar la causa de acción bajo la Regla 10.2(5) de Procedimiento Civil, sin discusión de los errores señalados incluyendo disposiciones de ley y jurisprudencia aplicables.

El 25 de octubre de 2024, emitimos *Resolución*, a los fines de conceder 20 días a la parte recurrida para fijar su posición sobre el recurso. El 31 de octubre de 2024, la señora Quiñones Cintrón instó una *Moción en Auxilio de Jurisdicción,* con la intención de que se paralizaran los efectos del dictamen objetado. Por medio de una *Resolución* pronunciada el 1 de noviembre de 2024, declaramos *No Ha Lugar* la referida moción.

En vista de que la parte recurrida no presentó su alegato y, transcurrido en exceso el término concedido para ello, resolveremos la controversia que hoy nos ocupa sin el beneficio de su comparecencia.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 81(2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank y. ZAF Corp. et al.*, 202 DPR 478 (2019).[5]

---

[5] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García y. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez y. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas y. González*, 149 DPR 859, 866 (1999).

**B.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es uno de los vehículos procesales disponibles para que una parte solicite la desestimación de una demanda. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 2024 TSPR 13, resuelto el 16 de febrero de 2024; *Security v. Efrón Dorado et al.*, 211 DPR 70, 83 (2023). La aludida Regla enumera las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*.

Al enfrentarse a una moción de desestimación de esta naturaleza, el juzgador debe dar por buenas y ciertas todas las alegaciones fácticas delineadas en la demanda y considerarlas del modo más favorable a la parte demandante. *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38 (2015); *Colón Rivera et al. v. ELA*,

189 DPR 1033 (2013). No obstante, para que ello ocurra, los hechos deben ser aseverados de forma adecuada, así como también, expresados clara y concluyentemente y que de su faz no den margen a dudas. *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 396 (20229; *Colón v. Lotería*, 167 DPR 625, 649 (2006).

Ahora bien, el promovente de la solicitud de desestimación prevalecerá si le demuestra al TPI que -aun dando por ciertos los hechos correctamente alegados- la demanda instada no expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). Así, solo cuando el TPI efectúe dicho examen y esté convencido de que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar, es que procederá desestimar la demanda. *Colón Rivera et al. v. ELA*, supra, a la pág. 1049; *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013)*; Pressure Vessels P.R. v. Empire Gas P.R.*, supra.

La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[6] *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, supra. Entonces, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd.*

---

[6] En cuanto a las alegaciones, la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, dispone, en lo pertinente, que las alegaciones de una demanda deben contener una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio y una solicitud del remedio a que crea tener derecho. *Banco Central Corp. v. Capitol Plaza Inc.*, 135 DPR 760, 763-764 (1994).

## III.

En la causa de epígrafe, la parte peticionaria aduce que el tribunal *a quo* erró al denegar su solicitud de desestimación, a pesar de que se desprende de la *Petición* presentada por los abuelos paternos, que solo podían darse como ciertos hechos correctamente alegados, entiéndase, el que éstos se relacionaban con sus nietos hasta que inició un proceso de orden de protección bajo la Ley Núm. 57-2023. Añade que en la petición tampoco se incluyeron alegaciones sobre intereses apremiantes, según lo requiere nuestro ordenamiento jurídico. Puntualiza que al caso de autos no le es aplicable el Art. 619 del Código Civil de 2020 y que nunca ha objetado las relaciones abuelo filiales, las cuales ocurren con frecuencia en la actualidad. Sin embargo, sostiene su vehemente oposición a que éstas interfieran con su derecho constitucional de ejercer la patria potestad de sus hijos. Esgrime que no está de acuerdo con que los abuelos paternos exijan que el Tribunal les conceda un derecho de relacionarse exclusivamente en el periodo que, a ella, como madre, le corresponde.

Asimismo, la parte peticionaria razona que el reclamo de la parte recurrida se tornó académico porque éstos al presente se relacionan con sus nietos, como siempre lo han hecho. Por último, esboza que la parte recurrida pretende tener un plan estructurado separado al tiempo que el señor Jiménez González ejerce sus relaciones paternofiliales y en menoscabo de las relaciones de calidad y ocio que tiene derecho a disfrutar con sus hijos. Es por lo anterior que entiende que debe establecerse que las relaciones abuelo filiales deben llevarse a cabo en el tiempo que los menores permanecen bajo la custodia y el cuidado de su padre.

Tras un análisis sereno del expediente y el derecho aplicable, determinamos no ejercer nuestra función revisora. Veamos.

De nuestra lectura de la *Petición* se desprende que la parte recurrida alegó lo siguiente:

5. Los abuelos paternos se relacionaban con sus nietos con frecuencia, los recogían ocasionalmente a la escuela y llevaban a cabo actividades que fomentaban una relación muy especial.

6. La parte demandante formaba parte integral de la vida de los menores hasta que inició un proceso de Orden de Protección y los apartaron de sus nietos.

7. Los abuelos paternos tienen un interés genuino y apremiante en continuar formando parte de la vida de sus nietos, pues entienden que los lazos afectivos que los unen representan el mejor bienestar de los menores.

Justipreciada la solicitud de desestimación instada por la parte peticionaria, el foro *a quo* la denegó. Ante ello, debemos resolver, en esta etapa de los procedimientos, si el TPI abusó de su discreción o arbitrariamente al así actuar.

Conforme al derecho discutido y a base de los hechos del caso bajo examen, concluimos que la parte peticionaria no nos ha colocado en posición de determinar que el foro primario actuó arbitrariamente o en exceso de su discreción al denegar la moción de desestimación. El contenido del expediente no nos convenció de utilizar nuestra función revisora en esta etapa de los procedimientos. Además, nada nos movió para inmiscuirnos en el manejo del caso y en la discreción ejercida por el Tribunal. De igual modo, no observamos ningún error por parte del foro primario al emitir la *Resolución* recurrida.

**IV.**

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto de *certiorari* solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 40.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones